IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACCENT FUELS, INC., | ) | |
| | ) | No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| INDIANA COUNTY, | ) | *Electronically Filed* |
| JULIA E. TRIMARCHI, | ) | |
| BOARD OF VIEWERS, | ) | |
| LARRY WOOD, | ) | |
| MARK ARBUCKLE, | ) | |
| PENNSYLVANIA DEPARTMENT | ) | |
| OF TRANSPORTATION, | ) | |
| DENISE FARKAS | ) | *Jury Trial Demanded* |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

AND NOW comes Plaintiff Accent Fuels, Inc., by and through its attorneys, THE LINDSAY LAW FIRM, P.C., Nathan F. Fulk, Esquire and Alexander H. Lindsay, Jr., Esquire and files this Complaint, averring the following:

## INTRODUCTION

1. Plaintiff Accent Fuels, Inc., brings this action for violation of civil rights under 42 U.S.C. § 1983. This case arises based on the eminent domain proceedings surrounding the property located at 2320 Route 119 Highway South, Homer City, PA 15748.

## JURISDICTION and VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343

3. Venue is proper in the Western District of Pennsylvania as this is the district where the cause of action arose and where the transactions or occurrences took place out of which the cause of action arose.

## PARTIES

4. Plaintiff Accent Fuels, Inc., is a corporation headquartered at 38 Grant Street, Homer City, PA 15748.

5. Defendant, Indiana County, is a governmental entity within the Commonwealth of Pennsylvania, maintaining an office located at the Indiana County Courthouse, 825 Philadelphia Street, Indiana, Pennsylvania 15701.

6. Defendant, Board of Viewers, is a group of individuals who was appointed by the Court of Common Pleas of Indiana County to hear testimony and receive evidence in this Eminent Domain case.

7. Defendant, Julia E. Trimarchi, Esquire, is an adult individual who was appointed Chairperson of the Board of View by Defendant Indiana County. Ms. Trimarchi is located at 558 Philadelphia Street, P.O. Box 1126, Indiana, PA 15701.

8. Defendant, Larry Wood, is an adult individual who was appointed to and served on the Board of View by Defendant Indiana County. Mr. Wood's address is 2911 Rt. 85, Home, PA 15747.

9. Defendant, Mark Arbuckle, is an adult individual who was appointed to and served on the Board of View by Defendant Indiana County. Mr. Arbuckle's address is 303 Heritage Run Road, Indiana, PA 15701.

10. Defendant, Commonwealth of Pennsylvania, Department of Transportation, ("PennDOT"), is an executive agency that initiated eminent domain proceedings against the Plaintiff. The Office of Chief Counsel, is located at P.O. Box 8212, Harrisburg, PA 17105-8212.

11. Defendant, Denise Farkas, Assistant Counsel for PennDOT, represented PennDOT in the eminent domain proceedings against the Plaintiff, and works in the regional

office located at Office of Chief Counsel, 301 Fifth Avenue, Suite 201, Pittsburgh, PA 15222.

## FACTUAL BACKGROUND

12. The prior paragraphs are hereby incorporated by reference as though set forth in their entirety.

13. Prior to the events at issue in this case, Plaintiff Accent Fuels, Inc., was the owner of the property and improvements located thereon, consisting largely of a convenience store facility and automobile/truck fueling facility with an address of 119 Highway South, Homer City, PA 15748 (the "Property").

14. At the time of the taking, Plaintiff Accent Fuels, Inc., was engaged in the business of retail sales and wholesale sales of various petroleum products.

15. At the time of the taking, the owners, officers and operators of Plaintiff Accent Fuels, Inc. were Mark and Greg Coleman.

16. At the same time, Penneco Outdoor Advertising, Inc., leased from Plaintiff Accent Fuels, Inc. land on which they owned and operated a billboard located on the same Property.

17. On December 5, 2014, Defendant PennDOT filed a Declaration of Taking thereby acquiring the Property owned by Plaintiff Accent Fuels, Inc.

18. On or about December 3, 2014, Plaintiff Accent Fuels, Inc. retained the legal services of Kathryn J. McGown ("Plaintiff's Counsel"). to represent them in the eminent domain matter.

19. The Property was taken for the purpose of constructing a roadway and to improve access and traffic flow for Homer City, PA.

20. On January 28, 2015, PennDOT sent Plaintiff Accent Fuels, Inc. a letter with a

Notice to Vacate the Property by March 1, 2015.

21. Defendant PennDOT's appraiser calculated the damages as $518,000.00, which Plaintiff felt to be significantly less than its fair market value.

22. Plaintiff Accent Fuels, Inc. estimated the total cost of the property, including the remainder after taking, to be approximately $2,500,000.

23. Plaintiff Accent Fuels, Inc.'s own expert appraiser calculated the damages as $1,078,000.

24. To obtain a neutral valuation, on or about August 26, 2016, Plaintiff Accent Fuels, Inc. filed a Petition for Appointment of a Board of View to hold a hearing on the value of the Property; the Board of Viewers was appointed by Order of Court on or about September 1, 2016.

## I. DEFENDANTS' DELAYS IN SETTING HEARING

25. Penneco was assigned a separate case number at 11645 CD 2016.

26. On or about September 6, 2016, Penneco filed a Petition for Appointment of a Board of Viewers.

27. Thereafter, on or about October 5, 2016, PennDOT filed Preliminary Objections to Penneco's Petition for a Board of Viewers.

28. On October 12, 2016, the Honorable President Judge William J. Martin set an Evidentiary Hearing on Penneco's separate case for November 2, 2016; that Hearing was continued.

29. On or about October 25, 2016, the Court entered an Order scheduling the Evidentiary Hearing for Penneco for January 17, 2017.

30. On or about January 13, 2017, just days before the Evidentiary Hearing on Penneco's case, and more than two (2) years after PennDOT's filing of the original

Declaration of Taking, PennDOT unilaterally filed a document titled Notice of Additional Condemnee to the Plaintiff Accent Fuels, Inc.

31. PennDOT was apparently attempting to belatedly join the Penneco case to the Accent Fuels, Inc. case.

32. This apparent joinder resulted in Plaintiff Accent Fuels, Inc.'s case being further delayed.

33. On May 22, 2017, Defendant PennDOT's counsel advised via email that their appraisal was not yet ready and so they were not prepared for a Board of View hearing, further delaying Plaintiff Accent Fuels, Inc.'s case.

34. On June 27, 2017, Plaintiff's Counsel in the condemnation matter sent a letter to Defendant Trimarchi requesting forward movement on Plaintiff Accent Fuels, Inc's. case.

35. In an attempt to schedule the Board of View Hearing, communication occurred between August 3, 2017 and August 7, 2017 wherein Plaintiff's Counsel and Defendant Farkas requested that two (2) days be set aside for the Accent Fuels, Inc. Board of View Hearing.

36. During that correspondence, Defendant Trimarchi stated that she could not attend two (2) days of back to back hearings, which Plaintiff's Counsel argued was necessary to allow both parties to present their cases and for the Board of View to achieve a fair and neutral evaluation. Defendant Trimarchi stated that, were the hearing to last two (2) days, they would need to appoint a new chairperson, and that it would "displease" President Judge Martin.

37. Even though counsel for PennDOT and Plaintiff's Counsel agreed that more than one (1) day was required, Defendant Trimarchi insisted that one (1) day would be more than enough time, and refused to schedule the hearing for more than one (1) day.

38. On August 9, 2017, Plaintiff received a Certified Notice of Site View and Hearing, scheduling the Site View for November 29, 2017, and scheduling the Hearing for only one (1) day: November 30, 2017.

39. On or about August 23, 2017, Plaintiff's Counsel requested that Defendant Trimarchi comply with the Eminent Domain Code regarding the statutory notice requirements for the Board of View Hearing.

40. Defendant Trimarchi refused to do so.

41. On August 25, 2017, Plaintiff Accent Fuels, Inc. filed an Amended Petition for Board of View, adding Penneco as an additional condemnee, pursuant to 26 Pa. C.S.A. § 504(b).

42. On September 5, 2017, Defendant Trimarchi sent Plaintiff Accent Fuels, Inc. a letter stating that if Plaintiff demanded that notice be sent by certified mail, as required by 26 Pa.C.S.A. 504(c), Plaintiff would have to pay for the cost of sending notice by certified mail.

43. In order to expedite the sending of proper notice, on September 7, 2017 Plaintiff's Counsel sent Defendant Trimarchi the funds for all certified mailing.

44. On or about September 26, 2017, Plaintiff's Counsel, having not received notice, contacted Defendant Trimarchi requesting the status of the certified mailing.

45. Subsequently, certified notice was received.

46. The Plaintiff Accent Fuels, Inc.'s case was scheduled for site view and Board of View Hearing on November 29, 2017, and November 30, 2017, respectively.

47. On or about October 13, 2017, Penneco filed a Motion to Strike Notice of Additional Condemnee thereby causing Plaintiff Accent Fuels, Inc.'s site view and Board of View Hearing to be continued and delayed.

48. On November 6, 2017, Counsel for Defendant PennDOT sent an email to

Trimarchi stating that at, due to the complexity of the case, least two full days were needed to have a hearing before the Board of View, and requesting that three (3) consecutive days be scheduled in early Spring 2018.

49. On or about December 12, 2017, argument was heard on Penneco's Motion to Strike Notice of Additional Condemnee.

50. On or about February 22, 2018, Plaintiff Accent Fuels, Inc.'s counsel wrote a letter to Judge Martin requesting to know if any additional information could be provided to assist the Court (copies were sent to all counsel of record).

51. On or about March 12, 2018, Judge Martin granted Penneco's Motion to Strike Notice of Additional Condemnee and granted Penneco's request for the finding of a *de facto* taking.

52. On or about June 27, 2018, Penneco filed a Praecipe to Discontinue and Settle their case at 11645 CD 2016.

53. Following the filing of Penneco's Praecipe to Discontinue and Settle, the Board of View then permitted Plaintiff Accent Fuels, Inc.'s case to proceed.

54. By letter dated April 30, 2018, Plaintiff's Counsel, after communication with Defendant Farkas, again advised Board of View Chairman Defendant Trimarchi that it was believed that two (2) days would be required for the Board of View Hearing and requested the rescheduling of same.

55. Defendant Trimarchi again refused to allocate two (2) days.

56. Thereafter, Defendant Trimarchi advised that due to certain circumstances, rescheduling would not occur until at least September, 2018.

57. On April 30, 2018, Counsel for Plaintiff wrote a letter to Defendant Trimarchi seeking to schedule the Board of View Hearing, considering the Penneco case had been

resolved, and requesting two (2) full days of hearings, requesting that notice be sent by certified mail, and promising to send funds to pay for the cost of certified mail.

58. The Site View was scheduled for September 28, 2018, and the Board of View Hearing was scheduled for only one (1) day, October 4, 2018.

## II.     THE ON-SITE VIEWING

59. On September 28, 2018, an on-site view of the Property occurred.  Present at the site view were the members of the Board of View, Mark Coleman, Greg Coleman, Counsel for Defendant PennDOT and Counsel for Plaintiff Accent Fuels, Inc., as well as engineers employed by Defendant PennDOT.

60. On or about September 28, 2018, during the site view of the property, Defendant Trimarchi requested a copy of the viewer's plan from Defendant PennDOT, which clearly delineated the before and after areas of the property so that she could orient herself to what property existed post-condemnation.

61. One of the PennDOT employees present at the site view offered to delineate the property with orange spray paint to aid Defendant Trimarchi's visualization of the property; however, Defendant Trimarchi replied, in the presence of the property owners, that this was not necessary as "enough tax dollars [had] already been spent on this."

62. Thereafter, on or about October 1, 2018 Defendant Trimarchi requested a witness list; advised that expert witnesses were to be heard before any other witnesses; and she stated that "…presumably we will hear the State's appraiser first, followed by Accent Fuels' appraiser…"  Defendant Trimarchi mistakenly set forth that the Commonwealth of Pennsylvania was the Plaintiff.

63. On October 2, 2018, Plaintiff's Counsel wrote and emailed correspondence to

Defendants Trimarchi, Arbuckle, Wood, and Farkas, arguing that the Board of View lacked authority to direct Plaintiff as to which witnesses to use and which order to present them, and stating that she intended to present them in an order that would build a proper foundation. She further argued that, pursuant to the law, she was permitted to call the property owners, Greg and Mark Coleman, to testify as to the value of the property. Plaintiff's counsel then listed her potential witnesses and an expected timeframe for the testimony of each. A copy of the October 2, 2018 letter is attached hereto, marked as Plaintiff's EXHIBIT A, and incorporated by reference as if the same were fully and completely set forth herein.

64. On October 3, 2018, Counsel for PennDOT wrote an email to Defendant Trimarchi stating that, in light of the proposed witness list, more than one (1) day of hearings would be needed for both parties to present their case.

65. Defendant Trimarchi responded the same day, advising that there would be an informal discussion regarding scheduling an additional day for the hearings, and insisting that testimony begin with the expert appraisers, with the Plaintiff Accent Fuel, Inc.'s expert appraiser going first.

66. She further stated that she had spoken to the Judge, who had "no problem with this."

### III.  THE HEARING

67. The Board of View Hearing took place on October 4, 2018.

68. Present were Plaintiff's Counsel and her assistant, Greg Coleman, Mark Coleman, Andrew Coleman, Board of View Chairman Defendant Trimarchi, Defendant Wood, Defendant Arbuckle, Defendant Farkas, Kevin Pollino, PennDOT's Appraiser.

69. During a break in the hearing, Defendant Trimarchi spoke disparagingly about Plaintiff's Counsel to the other members of the Board of View, including the accusation that

9

Plaintiff's Counsel would attempt to have another board appointed.

70. It is believed and therefore averred that the derogatory statements were made to demean Plaintiff's Counsel in front of the other board members and ensure that no members of the board would act impartially.

71. The Board of View permitted Defendant PennDOT's expert appraiser to testify.

72. The Board of View did not permit Plaintiff Accent Fuels, Inc. to present any evidence, or to call any witnesses.

73. The Board of View did not permit the Hearing to be continued so that the Plaintiff's expert appraiser could be present.

74. During the hearing, Defendant Trimarchi stated that she had spoken to the judge and that she was only going to allow testimony by expert appraisers, and since Plaintiff Accent Fuels, Inc.'s expert appraiser was not present at the time and place of the hearing, that the Board of View would only allow testimony by Defendant PennDOT's expert appraiser.

75. Owners and officers of Plaintiff Accent Fuels, Inc., Mark and Greg Coleman, were present and ready to testify as to the current and past use of the property, the highest and best use of the property, as well as its current value.

76. Plaintiff's Counsel attempted to call Mark and Greg Coleman to testify.

77. The Board of View did not permit the Property Owners to testify at all.

78. Plaintiff's counsel requested to place the testimony of the Plaintiff property owners on the record.

79. Defendant Trimarchi refused that request; accordingly, the Plaintiffs were denied any opportunity to speak or enter any case at the Board of View Hearing. Therefore, Plaintiffs were denied any and all due process at the Board of View Hearing.

80. Immediately following the close of the proceeding while all participants were still

present in the Hearing room, Plaintiff's counsel approached Defendant Farkas and requested that she vocalize her opposition to the abrupt conclusion of the Hearing resulting in Plaintiffs being denied the opportunity to testify.

81. Despite Defendant Farkas agreeing with Plaintiff's counsel that the Condemnees should be permitted to testify, Defendant Farkas declined to demand that the Board to reconvene for that purpose.

82. The Board of View adjourned the proceedings after having only heard testimony by Defendant PennDOT, and made their determination as to damages based on that testimony alone.

83. Despite the fact that both parties agreed that the hearing would need to last at least two (2) full days, the Board of View hearing commenced at 9:00 a.m. and was adjourned over Plaintiff's objection at 11:04 a.m.

84. On November 23, 2018, Defendant Trimarchi sent a letter to the parties with the Board of View Report attached. The letter also states that the report would be filed by December 3, 2018.

85. On December 17, 2018, Plaintiff's Counsel filed an Appeal from the Report of the Board of View.

86. Shortly after the filing of the appeal, Defendant Farkas advised Plaintiff's Counsel that she would not be presenting the appraiser at time of trial, rather she would be seeking a new appraiser and appraisal.

87. The second appraiser determined the damages to be $712,000.00, which was then "pre-approved" by Defendant PennDOT and the difference between the appraisals of $518,000.00 was paid.

88. However, the second appraisal is still significantly less than the value of the

property as determined by the Plaintiff's appraisal.

89. Defendants' conduct has caused the Plaintiff to suffer damages, including but not limited to: insufficient compensation, lost income, lost business opportunity, and unpaid interest.

## **Count I**

### **Violation of 42 U.S.C. § 1983 (Violation of Fifth Amendment and Fourteenth Amendment):  Unlawful Taking by Lack of Procedural Due Process**

90. The prior paragraphs are hereby incorporated by reference as if more fully set forth herein.

91. The Fifth Amendment states that no person shall be deprived of property "without due process of law."

92. Defendants are state actors subject to the Fifth and Fourteenth Amendments.

93. Defendants acted under color of state law.

94. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

95. Section 510 of the Pennsylvania Eminent Domain Code states, in relevant part, "[a]ll of the viewers shall act unless prevented by sickness or other unavoidable cause."

96. Chair Trimarchi stated that she could not attend more than one day of hearings, but did not provide a reason why, and did not offer to schedule a non-consecutive day.

97. Section 702 of the Pennsylvania Eminent Domain Code states that "Fair Market value [shall be determined by] taking into consideration… the present use of the property and its value for that use [and] the highest and best reasonably available use of the property and its value for that use."

98. Plaintiff was not permitted to present any evidence regarding the present use of

the property or the highest and best use of the property.

99. Section 1104 of the Pennsylvania Eminent Domain Code states that the "Condemnee or an officer of a corporate condemnee, without further qualification, may testify as to just compensation…"

100. Though Plaintiff's counsel attempted to call the officers of the corporate condemnee, i.e., the Plaintiff, the Board of View would not permit either to testify.

101. Plaintiff was not given a meaningful opportunity to present their own case during the Board of View hearing.

102. The Board of View Report found that the economic damages to the Plaintiff were exactly the same as determined by the only witness to testify: the expert appraiser for Defendant PennDOT.

103. As a direct and proximate result of the unlawful conduct of the Defendants as aforesaid, Plaintiff has suffered injury in that its property was taken without due process of law.

104. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief and other damages as the Court deems appropriate, including injunctive relief fashioned by the Court which would require a fair and impartial hearing before a fair and impartial Board of View, as required by Pennsylvania law.  **A JURY TRIAL IS DEMANDED.**

## Count II

### Violation of 42 U.S.C. § 1983 (Violation of Fifth Amendment and Fourteenth Amendment):  Unlawful Taking by Lack of Substantive Due Process

105. The prior paragraphs are hereby incorporated by reference as if more fully set forth herein.

106. Section 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress."

107. The Fourteenth Amendment provides in relevant part that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law."

108. The Fifth Amendment states that private property shall not be taken "for public use, without just compensation."

109. Defendants are state actors subject to the Fifth and Fourteenth Amendments.

110. Defendants acted under color of state law.

111. Defendants acted intentionally and with callous disregard for Plaintiff's clearly established constitutional rights.

112. By her statement at the hearing that she had spoken with Judge Martin, Chair Trimarchi evidenced a policy by which the Board of View would have *ex parte*

14

communications with the judge presiding over an eminent domain proceeding, in that those communications would take place without counsel for the parties present.

113. By limiting the hearing to one day with the permission of Judge Martin, Chair Trimarchi evidenced a policy by which a Board of View could arbitrarily limit the Board of View Hearing for the convenience of the individual members of the Board of View.

114. Chair Trimarchi had remarked that she was limiting the proceedings in order to save the taxpayers' money, but in fact limited the proceedings due to a personal dislike of Plaintiff and Plaintiff's counsel.

115. Chair Trimarchi made disparaging comments about Plaintiff's counsel to other members of the Board of View in an attempt to sway their opinion against Plaintiff.

116. There is no rational basis for these actions by the Board of View, an agent of Defendant Indiana County.

117. The aforementioned conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution of the United States.

118. The Defendants acts were with malice and reckless disregard for Plaintiff's federally protected constitutional and civil rights.

119. Pursuant to 42 U.S.C. § 1983, Defendants are liable to Plaintiff for its damages.

120. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to attorneys' fees and costs incurred in bringing this action.

121. As a direct and proximate result of the unlawful conduct of the Defendants as aforesaid, Plaintiff has suffered injury in that it did not receive just compensation for the taking of its property.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of

said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief and other damages as the Court deems appropriate, including injunctive relief fashioned by the Court which would require a fair and impartial hearing before a fair and impartial Board of View, as required by Pennsylvania law.  **A JURY TRIAL IS DEMANDED.**

## Count III

### Violation of Article 10 § 4 of the Pennsylvania Constitution

122. The prior paragraphs are hereby incorporated by reference as if fully set forth herein.

123. Article 10 Section 4 of the Pennsylvania Constitution states, "Municipal and other corporations invested with the privilege of taking private property for public use shall make just compensation for property taken…"

124. Defendant Indiana County deprived Plaintiff of the opportunity to present evidence of the value of the property taken.

125. Defendant PennDOT presented a valuation of the property that was far less than its Fair Market Value

126. Actions by the Defendants deprived Plaintiff of its property for public use but without due process under the law and without just compensation.

127. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages in that it was inadequately compensated for the public taking of its property.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for monetary and compensatory damages in an amount in excess of the jurisdictional limit of said Court, plus court costs, interest, attorneys' fees, declaratory and prospective injunctive relief

and other damages as the Court deems appropriate, including injunctive relief fashioned by the Court which would require a fair and impartial hearing before a fair and impartial Board of View, as required by Pennsylvania law.  **A JURY TRIAL IS DEMANDED.**

    Respectfully submitted:

    THE LINDSAY LAW FIRM, P.C.

    s/ *Nathan F. Fulk*
Nathan F. Fulk, Esquire
Attorney for Plaintiffs
Pa. Supreme Court ID. No. 326385

110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724)282-6600
Fax: (724)282-2672

    s/ *Alexander H. Lindsay, Jr.*
Alexander H. Lindsay, Jr., Esq.
Attorney for Plaintiffs
Pa. Supreme Court ID. No. 15088

110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724)282-6600
Fax: (724)282-2672