IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ACCENT FUELS, INC.,                          )
                                             )
                                             )          2:20-CV-00281-CCW
            Plaintiff,                       )
                                             )
      v.                                     )
                                             )
JULIA E. TRIMARCHI, BOARD OF                 )
VIEWERS, LARRY WOOD, MARK                    )
ARBUCKLE,                                    )
                                             )
            Defendants.                      )
                                             )
                                             )

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Before the Court is Defendants' Motion to Dismiss the Second Amended Complaint.  ECF No. 38.  After reviewing the Second Amended Complaint, ECF No. 32, and the parties' briefing on Defendants' Motion to Dismiss, ECF Nos. 38–42, for the following reasons, the Court will grant Defendants' Motion to Dismiss.

### I.     Background

Plaintiff is a Pennsylvania corporation that owned a property at 119 Highway South, Homer City, Pennsylvania 15748 (the "Property").  Second Am. Compl., ECF No. 32, at ¶¶ 4, 12.  According to Plaintiff, the Pennsylvania Department of Transportation ("PennDOT") filed a Declaration of Taking as to Plaintiff's Property on December 5, 2014 to build a roadway and improve access and traffic flow in Homer City, Pennsylvania.  *Id.* at ¶¶ 16, 18.  PennDOT's appraiser assessed Plaintiff's damages from the eminent domain at $518,000, whereas Plaintiff assessed the Property at $1.078 million.  *Id.* at ¶¶ 20–22.  Plaintiff filed a Petition to appoint a Board of Viewers to hold a hearing on the value of the Property;  the Court of Common Pleas of

Indiana County appointed the Board of Viewers on September 1, 2016. *Id.* at ¶ 23. Defendant Trimarchi is the Chair of the Board of Viewers. *Id.* at ¶ 6. Defendants Larry Wood and Mark Arbuckle are both members of the Board of Viewers. *Id.* at ¶¶ 7–8.

Plaintiff leased some of the Property to Penneco Outdoor Advertising, Inc. ("Penneco"), and that portion of the property was condemned in a separate proceeding in Indiana County (the "Penneco Case"). *Id.* at ¶ 24. In that case, Penneco petitioned the court to appoint a board of viewers, and PennDOT filed preliminary objections. *Id.* at ¶¶ 25–26. Although the court scheduled an evidentiary hearing, it was continued, and PennDOT filed a Notice of Additional Condemnee to join Plaintiff in the Penneco case just three days before the hearing and after more than two years had passed since PennDOT filed the Declaration of Taking. *Id.* at ¶¶ 27–30.

Plaintiff's counsel wrote to the Board of Viewers to move its own case forward, and Defendant Trimarchi, Chairperson of the Board of Viewers, indicated that she could not schedule two back-to-back hearing days and that appointing another Chair would "displease" the court. Defendant Trimarchi also took the position that the hearing could be conducted in one day. *Id.* at ¶¶ 33–36. The Second Amended Complaint claims that Defendant Trimarchi also refused to comply with the notice provisions of the Eminent Domain Code. *Id.* at ¶¶ 38–39.

In October 2017, Penneco then filed its Motion to Strike Notice of Additional Condemnee, which further delayed the case. *Id.* at ¶¶ 46–47. By June 2018, the parties had settled the Penneco Case and the Board of Viewers then permitted Plaintiff Accent Fuel's case to proceed. *Id.* at ¶¶ 51–52. Defendant Trimarchi refused to allocate two days for the hearing and advised that the hearing would not occur until at least September 2018. *Id.* at 53–55.

The Board of Viewers conducted a site visit of the Property on September 28, 2018. *Id.* at ¶ 58. While on the site visit, Defendant Trimarchi indicated that demarcating the Property line

with orange spray-paint to aid in the site visit was not necessary, and commented that "enough tax dollars [had] already been spent on this." *Id.* at ¶ 60.

Plaintiff alleges that during the October 4, 2018 Board of Viewers hearing, Defendant Trimarchi "spoke disparagingly about Plaintiff's Counsel to the other members of the Board of View, including the accusation that Plaintiff's Counsel would attempt to have another board appointed." *Id.* at ¶ 69. The Board of Viewers permitted PennDOT's expert appraiser to testify but did not permit Plaintiff to present evidence or call witnesses and did not permit a continuance so Plaintiff's expert appraiser could be present. *Id.* at ¶¶ 72–74. The Board of Viewers did not permit Plaintiff's owners Mark and Greg Coleman to testify. *Id.* at ¶¶ 75–79.

Plaintiff appealed the Report of the Board of Viewers. *Id.* at ¶ 85.

Plaintiff's two-count Second Amended Complaint alleges that Defendants violated 42 U.S.C. § 1983 by taking the Property without procedural due process (Count I) and without substantive due process (Count II). *See generally*, Second Am. Compl., ECF No. 32.

Defendants seek to dismiss the Second Amended Complaint on multiple grounds: (1) the abstention doctrine stemming from *Burford v. Sun Oil Co.*, 319 U.S. 315; (2) Plaintiff has not been deprived of procedural due process under the Fifth or Fourteenth Amendments; (3) Plaintiff failed to plead a claim for deprivation of substantive due process under the Fifth or Fourteenth Amendments; (4) that Defendants Tremarchi, Wood, and Arbuckle are entitled to judicial or quasi-judicial immunity; (5) that Accent failed to plead any facts to support that Defendants Wood and Arbuckle were personally involved in any alleged violation of Plaintiff's rights under § 1983.. *See* Mot. to Dismiss, ECF No. 38.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim.  In reviewing a motion to dismiss, the court accepts as true a complaint's factual allegations and views them in the light most favorable to the plaintiff.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d. Cir. 2008).  Although a complaint need not contain detailed factual allegations to survive a motion to dismiss, it cannot rest on mere labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That is, "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and be "sufficient to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than the sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).

The United States Court of Appeals for the Third Circuit has established a three-step process for district courts to follow in analyzing a Rule 12(b)(6) motion:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burch v. Milberg Factors, Inc*., 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

## III.    Discussion

After reviewing the pleadings, Defendants' Motion to Dismiss, and the parties' briefing, the Court finds that this case presents facts which make *Burford* abstention appropriate.  For the

reasons set froth more fully below, the Court will abstain from deciding the merits of the case in light of the pending state court proceedings.

### A.  Dismissal is Warranted under Burford Abstention

Defendants contend that the District Court should dismiss the Plaintiff's Second Amended Complaint under the *Burford* abstention doctrine.  "Burford abstention is appropriate where a difficult question of state law is presented which involves important state policies or administrative concerns." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1983).  The doctrine is designed "to soften the tensions inherent in a system that contemplates parallel judicial processes" and avoid disrupting a state's efforts to establish a policy regarding a matter of substantial public concern. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n.9 (1987); *Westrum Land Dev. Corp. v. Whitpain Twp.*, Civil Action No. 01-5535, 2002 U.S. Dist. LEXIS 22458, at \*5 (E.D. Pa. Oct. 23, 2002) (citing *Heritage Farms*, 671 F.2d at 746).  *Burford* abstention is not available in cases that seek legal relief, but is available, as here, where the plaintiff seeks equitable and declaratory relief.  *See Richardson v. Lloyds of London*, 896 F.Supp. 428, 434 (E.D. Pa. 1995).

To invoke the *Burford* abstention doctrine, a district court considers (1) whether timely and adequate state court review of Plaintiff's claims is available; and (2) if so, whether (a) the regulatory scheme at issue involves matters of substantial public concern;  (b) whether the regulatory scheme is the type of complex and technical regulatory scheme to which *Burford* is generally applied;  and (3) whether the Court's review of Plaintiff's claims would interfere with the state's efforts to establish its own regulatory policy.  *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943);  *Culinary Serv. of Del. Valley, Inc. v. Borough of Yardley*, 385 Fed.Appx. 135, 144 (3d Cir. 2010);  *Chiropractic Am. v. Lavecchia*, 180 F.3d 99, 104–05 (3d Cir. 1999).  The Third Circuit has found state court review to be inadequate where, unlike here, a state court was not authorized

5

to enforce rights under the laws at issue in the federal case. *See, e.g. Raritan Baykeeper v. NL Indust.*, 660 F.3d 686, 689–90 (3d Cir. 2011) (state court review inadequate where state court was not authorized to enforce rights under Federal Resources Conservation and Recovery Act and Clean Water Act).

Here, the first prong of the *Burford* analysis is satisfied. Plaintiff has adequate and timely state court review of its claims because the Board of Viewers' actions and decisions are subject to *de novo* review by the Court of Common Pleas of Indiana County. *See* Indiana County Local Rule 212, *accord*. Br. in Supp. of Mot. to Dismiss, ECF No. 39, at 6 n.2. Plaintiff availed itself of that review by filing a notice of appeal from the Report of the Board of View on December 17, 2018. *See* Indiana County Docket Sheet, No. 11942-CD-2014. Plaintiff acknowledges that it "pursued an appeal in the state-court," but contends that it has "every reason to believe that those courts will continue to uphold the unconstitutional acts of the Defendants in this case." Br. in Opp. to Mot. to Dismiss, ECF No. 40, at 9. Plaintiff's unsupported speculation about the future outcome of a state court proceeding cannot establish the inadequacy of state review. *See e.g.*, *McNair v. Synapse Grp., Inc.*, 672 F.3d 213 (3d Cir. 2012) (rejecting speculations about future events as demonstrable support); *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 786 (3d Cir. 1994) (same); *In re Rutter's Data Sec. Breach Litig.*, 1:20-cv-382, 2021 U.S. Dist. LEXIS 761 (M.D. Pa. Jan. 5, 2021) (same).

With respect to the timeliness of state court review, certainly there are cases where the delay is so long as to render *Burford* abstention inappropriate. *See e.g., Chico Serv. Station, Inc. v. Sol Puerto Rico*, 633 F.3d 20, 32 (1st Cir. 2011) (vacating a district court *Burford* abstention order, in part because the required decades-long state administrative process rendered state-adjudication untimely). Here, Indiana County Local Rule 212 contains affirmative requirements

that parties must satisfy to prepare a case for trial. Although Plaintiff filed its Notice of Appeal just over two (2) years ago, that Notice is the last entry on the docket; Plaintiff has not made any attempt of record to accelerate or continue to pursue the appeal. However, the appeal remains pending. Thus, the Court finds that timely and adequate state court review is available.

Next, the Court must consider whether the regulatory scheme at issue involves matters of substantial public concern. Certainly, enforcing and carrying out its Eminent Domain Code is of significant and special concern to Pennsylvania. The Third Circuit has noted that eminent domain is a "distinctly state-law matter" and has recognized that it is "intimately involved with state prerogative." *See Rucci v. Cranbery Twp.*, 130 Fed.Appx. 572, 577 (3d Cir. 2005). Though the "mere existence of land use regulation will not mandate federal court abstention," "the Third Circuit has recognized that the application of eminent domain procedures is one of the traditional areas where *Burford* abstention is proper." *Westrum Land Dev.*, 2002 U.S. Dist. LEXIS 22458, at *6 (citing *Izzo v. Borough of River Edge*, 843 F.2d 765, 769 (3d Cir. 1982)). The Court finds that the second prong of the *Burford* analysis is satisfied here.

Finally, the Court must consider whether federal court review will interfere with Pennsylvania's efforts to establish its own regulatory policies. The facts of this case indicate that the Court would intrude into Pennsylvania's regulatory authority by exercising jurisdiction regarding land use proceedings. The Court of Common Pleas of Indiana County appointed the Board of Viewers, and after a hearing, Plaintiff appealed the Board of Viewers' Report to the Court of Common Pleas of Indiana County. *See* Second Am. Compl., ECF No. 32, at ¶¶ 5, 85. That appeal is currently pending. A decision by this Court on the merits of Plaintiffs' Second Amended Complaint would enjoin the Court of Common Pleas' appellate review of its own appointed board's work, by binding it under principles of collateral estoppel, and would create the

impropriety of a race to a decision between the courts.  *See Feige v. Sechrest*, 896 F.Supp. 403, 406 (E.D. Pa. 1995).  The Court finds that the third prong of the *Burford* analysis is satisfied. Therefore, the Court will apply the *Burford* abstention doctrine to Plaintiff's case and dismiss the case pursuant to this Court's inherent equitable powers.  *See Westrum Land Dev.*, 2002 U.S. Dist. LEXIS 22458, at *6.

## IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss the Second Amendment Complaint, ECF No. 32, is granted.  The Second Amended Complaint is dismissed without prejudice to re-file upon conclusion of the state court proceedings.

IT IS SO ORDERED.

DATED this 9th day of February, 2021.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record